UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD MICHAEL MILLER,

    Plaintiff,

v.                                                              CASE NO. 8:22-cv-438-VMC-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying his application for Supplemental Security Income. In a decision dated February 12, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, since December 2, 2015, the date the application was filed.  (Tr. 16–42.) Having considered the parties' memoranda and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

    **I.**    **Issues on Appeal**

Plaintiff raises the following issues on appeal:

        1.    Whether the decision of the Administrative Law Judge ("ALJ") was supported by substantial

>   evidence given that the ALJ credited the opinion of the State agency psychological consultant, Dr. Willens, except for the limitation with regards to the interaction with co-workers; given that the ALJ is required to state with particularity the weight given different medical opinions; given that the ALJ did not reject any other parts of Dr. Willens' opinion; given that Dr. Willens opined that the Plaintiff has moderate limitations in understanding, remembering, and carrying out detailed instructions; given that this limitation does not appear in the RFC assessment and in the hypothetical question to the vocational expert ("VE"); and given that this limitation would preclude at least a third of the jobs which the ALJ found the Plaintiff could perform at step 5.

2.  Whether the ALJ's decision was supported by substantial evidence given that the ALJ limited the Plaintiff to instructions which can be learned from a "short demonstration"; given that jobs that can be learned from a "short demonstration", by definition, are jobs with specific vocational preparation ("SVP") level of 1; and given that all three jobs the ALJ found the Plaintiff could perform at step five have an SVP of 2.

3.  Whether the ALJ's decision was supported by substantial evidence given that the ALJ limited the Plaintiff to instructions or tasks that require exercise of little independent judgment or decision-making and given that the jobs the ALJ found the Plaintiff could perform at step five do not have Temperament "U" which is reserved to jobs which require "[p]erforming tasks only under specific instructions, allowing little or no room for independent action or judgment in working out job problems".

4.  Whether the ALJ and the Appeals Council had constitutional authority to decide the present case given that they were delegated authority by former Commissioner of Social Security, Andrew Saul,

2

> who was appointed through the identical, constitutionally invalid structure which the U.S. Supreme Court found unconstitutional in *Seila Law*.

(Doc. 17 at 1–2.) The undersigned recommends that Plaintiff's second argument has merit. The undersigned further recommends that the Court need not address Plaintiff's remaining arguments since the Commissioner's reasoning may change on remand.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "valvular heart disease with endocarditis, organic mental disorder, substance addiction disorder, affective disorder, anxiety disorder,

3

ADHD, cerebral infarction, and lumbar degenerative disc disease . . . ."  (Tr. 19.)[1] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.  (Tr. 19–25.) Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with additional limitations, including: "He can only understand, remember, and carry out rote and routine instructions or tasks that require the exercise of little independent judgment or decision-making and can be learned from a short demonstration consistent with an SVP code of 2."  (Tr. 25.)

At step four, the ALJ found that Plaintiff had no past relevant work.  (Tr. 39.) At step five, the ALJ found that considering Plaintiff's age (thirty-two years old on the date the application was filed), education, work experience, and RFC, jobs that Plaintiff could perform existed in significant numbers in the national economy.  (Tr. 39–40.)  Therefore, Plaintiff was not disabled.  (Tr. 41.)

**IV.   Analysis**

Plaintiff argues that the ALJ's RFC assessment is unclear insofar as it limits Plaintiff to instructions or tasks that "can be learned from a short demonstration consistent with an SVP code of 2."  (Tr. 25; *see* Doc. 17 at 1.)  The undersigned agrees and recommends reversal on this basis. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with

---

[1] The sequential evaluation process is described in the ALJ's decision.  (Tr. 17–19.)

clarity to enable us to conduct meaningful review.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[2]

The ALJ found that Plaintiff had the RFC to perform sedentary work with additional limitations, including:

> [Plaintiff] can only understand, remember, and carry out rote and routine instructions or tasks that require the exercise of little independent judgment or decision-making and can be learned from a short demonstration consistent with an SVP code of 2. He is limited to a reasoning level up to and including 2.

(Tr. 25–26.)

The ALJ's limitation of Plaintiff to job training that requires only a "short demonstration" is in direct conflict with his statement that such a demonstration is "consistent with an SVP code of 2." (Tr. 25.) SVP code 1 allows for jobs that require a "[s]hort demonstration only." See *Dictionary of Occupational Titles*, Appendix C –Components of the Definition Trailer (4th ed. 1991), 1991 WL 688702 ("DOT"). However, SVP code 2 allows for jobs that require "[a]nything *beyond* short demonstration up to and including 1 month." See *id.* (emphasis added). Therefore, the ALJ's RFC is patently contradictory and does not allow for meaningful review.

---

[2] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited when the undersigned finds them persuasive on a particular point. See *McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

The Commissioner maintains that, based on the ALJ's questioning of the VE and the VE's responses at the hearing, the ALJ clearly intended to limit Plaintiff to jobs with an SVP of 2.  (Doc. 20 at 6–7.)  The following exchange occurred at the hearing:

> . . . This individual can only understand and remember and carry out rote and routine instructions or tasks that require the exercise of little independent judgment or decision-making, and can be learned from a short demonstration.  Reasoning level up to and including 2.  This work can be performed on a sustained basis, eight hours a day, five days a week, in two-hour increments.  Contact with the public would be occasional.
>
> This individual would require a low-stress work environment, and to define that, we're talking about non-production work specifically, no fast-paced work like an assembly line where one has to produce a product in a high-speed manner.  Would there be work available for such an individual, and if so, please identify the jobs, the DOT number, if available, and incidence of the jobs nationally.
>
> A  May I ask one point of clarification? When you say short demonstration only, you are referring to SVP: 1?
>
> Q  Okay.  And that's what I said -- an SVP: 1?  I'm not talking about SVP: 1.
>
> A  Okay.  That would be --
>
> Q  I'm talk --
>
> A  -- demonstration only.
>
> Q  Okay.  Well do -- are there jobs available with that?  I didn't really --
>
> A  Not in SVP: 1, no.

>   Q  Okay.  I'm talking about SVP: 2.
>
>   A  Okay.
>
>   Q  That's one of the reason [sic] I gave the reasoning level of up to and including 2.
>
>   A  Well, okay.  Okay.  I just wanted to clarify.
>
>   Q  Okay.

(Tr. 82–83.)

The undersigned recommends that the ALJ's hearing questioning does not adequately clear up the confusion.  Although the ALJ stated that he meant SVP 2, he never articulated the DOT definition of SVP 2, i.e., "[a]nything beyond short demonstration up to and including 1 month."  (DOT.)  It is not clear that the ALJ was aware of that definition, particularly since he appeared to confuse SVP levels with reasoning levels.  (*See* Tr. 83.)  In addition, despite being made aware of this inconsistency by the VE, the ALJ reiterated in his written decision that Plaintiff could perform jobs that "can be learned from a short demonstration consistent with an SVP code of 2."  (Tr. 25.)  In essence, the ALJ repeated the same contradiction in the decision even after he was corrected at the hearing by the VE.  Thus, it remains unclear whether the ALJ meant to limit Plaintiff only to jobs that "can be learned from a short demonstration."  (*Id.*)  Moreover, if the ALJ truly meant to allow for jobs with an SVP of 2, he should be required to clearly state that Plaintiff can perform jobs requiring more than "short demonstration up to and including 1

month" and explain why. (*See* DOT.) Only then will the Court not have to guess regarding the ALJ's finding and reasoning.

Finally, this error is not harmless because if the ALJ intended to limit Plaintiff to jobs that could be performed only with a short demonstration, which is consistent with SVP code 1, there would be no jobs available nationally that Plaintiff could perform. (*See* Tr. 83.) Thus, the undersigned recommends reversal and remand for further administrative proceedings.

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1.     The Clerk of Court is **DIRECTED** to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) clarify the RFC assessment in accordance with this Order, including stating clearly whether Plaintiff is limited to jobs with an SVP of 1 or an SVP of 2, defining those terms in accordance with the DOT, and explaining why; (b) further reconsider Plaintiff's RFC, if appropriate; and (c) conduct any further proceedings deemed appropriate.

2.     The Clerk of Court is further **DIRECTED** to close the file.

3.     If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within sixty days of the date on the agency's letter stating the amount of past due benefits. *See In re Admin. Orders of the C.J.*, No. 3:21-mc-1-TJC, Doc. 43 (M.D. Fla. Dec. 7, 2021). This Order does

not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida on November 2, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Virginia M. Hernandez Covington
Senior United States District Judge

Counsel of Record