UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD MICHAEL MILLER,

    Plaintiff,

v.                                                CASE NO. 8:22-cv-438-VMC-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the undersigned on Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) ("Motion") (Doc. 26), the Commissioner's Response thereto ("Response") (Doc. 27) and Plaintiff's Reply to the Response ("Reply") (Doc. 32). Plaintiff makes a timely request for an award of attorney's fees in the amount of $10,027.86 (based on 42.9 hours at an hourly rate of $233.75), and paralegal fees in the amount of $24.00, pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]  (Doc. 26 at 1.)

---

[1] An EAJA motion is timely if made within 30 days of when the judgment becomes final, i.e., non-appealable. The judgment in this case, entered on December 2, 2022, became non-appealable on January 31, 2023. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is a party). Therefore, the Motion, filed on February 8, 2023, is timely.

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part and DENIED in part**. Defendant argues that the fee requested is excessive (because of the number of hours claimed) and that it should be reduced by "no less than 35%." (Doc. 27 at 10.) The undersigned agrees in part with Defendant and recommends that the requested fee be reduced by 25%. Thus, the undersigned recommends that judgment be entered in favor of Plaintiff and against Defendant in the total amount of $7,520.89.[2]

### A. Uncontested Issues

EAJA sets forth the following requirements for the award of fees:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal and remand of a denial of

---

[2] The undersigned agrees with Defendant that the paralegal time, for simply filing documents, is clerical and should not be awarded. (Doc. 27 at 3, 11 n.1; Doc. 26-1 at 18–19.) *See, e.g., Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. June 14, 2000) ("[E]xpenditures of effort on clerical tasks are not independently compensable under the EAJA."). Thus, the amount of $24.00 is not included in the undersigned's calculation.

2

benefits (*see* Docs. 21, 24 & 25) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Additionally, because Defendant does not contend otherwise, the undersigned recommends that Defendant's position was not substantially justified. (Doc. 27 at 1, 10–11.) Further, there are no special circumstances which would make an award unjust. In addition, the Motion provides that Plaintiff's "net worth at the time this proceeding was filed was less than two million dollars." (Doc. 26 at 2.) Thus, the undersigned recommends that an award of attorney's fees under EAJA is appropriate.

Regarding the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). Regarding the hourly rate, which Defendant does not contest, EAJA provides:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion and attached affidavit of Plaintiff's counsel request a total of $10,027.86 in attorney's fees, which is based on 42.9 hours of attorney time. (Docs. 26 at 1, 3–4; 26-1 at 17–19.) The hourly rate requested is $233.75. (Doc. 26-1 at 19.) As this rate is higher than the statutory maximum, Plaintiff's counsel is seeking a cost of living adjustment. (Doc. 26 at 3.) The undersigned

recommends that this hourly rate is reasonable and that the cost of living adjustment is warranted. Because Defendant does not challenge the reasonableness of the hourly rate, Defendant is essentially conceding the same. (*See generally* Doc. 27.) Moreover, based on the undersigned's knowledge of, and familiarity with, reasonable rates in social security appeals, the undersigned recommends that the requested rate is in line with rates typically awarded in similar cases. *See Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 431 (11th Cir. 1999) ("[T]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations omitted).

### B. Contested Hours

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Resolution Trust Corp. v. Hallmark Builders Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

> Reasonable hours expended are those that are not "excessive, redundant or otherwise unnecessary" and that reflect the attorney's "billing judgment." The Court may conduct an hour-by-hour analysis to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction.

4

*Atl. Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-cv-538-J-20JBT, 2015 WL 12839134, at *4 (M.D. Fla. Nov. 24, 2015), *report and recommendation adopted*, 2016 WL 3407825 (M.D. Fla. June 16, 2016) (internal citations omitted).

Defendant argues that the number of hours expended by Plaintiff's counsel is unsupported, excessive and unreasonable; the undersigned largely concurs. (Doc. 27 at 4–10.)  In short, it appears that much of the time spent on Plaintiff's brief was duplicative, unnecessary and excessive.  For example, Mr. Zakhvatayev spent 8.9 hours reviewing the transcript.  (Doc. 26-1 at 18.)  He then spent 4.8 hours writing and rewriting the statement of facts.  (*Id.*)  Then he spent 8 hours writing a "preliminary draft" of the brief.  (*Id.*)  Ms. Avard then spent 6.7 hours apparently reviewing Mr. Zakhvatayev's draft.  (*Id.* at 17.)  Then Mr. Zakhvatayev spent another 7.2 hours rewriting the brief at Ms. Avard's direction.  (*Id.* at 18.)  These hours alone total 35.6.

The excessiveness, duplication and lack of billing judgment reflected in the foregoing time entries is apparent.  A reasonable paying client would justifiably question why two experienced Social Security attorneys would have to spend so much time writing and rewriting a brief.[3]  Plaintiff's attorneys have not sufficiently

---

[3] Ms. Avard represents that she has practiced in the area of Social Security Disability law since 1981 and that for more than 30 years, 80% of her practice has been specific to Social Security Disability work.  (Doc. 26-2 at 1–5, 7–9.)  Mr. Zakhvatayev represents that he has lectured and presented in the area of Social Security Disability law dating back to 2012, has handled "several hundred Social Security disability hearings," has "prepared hundreds of Appeals Council briefs," was a Senior Editor of Law Review and his experience writing appellate briefs dates back to 2008.  (Doc. 26-4.)

5

answered this question. (*See generally* Doc. 32.) Moreover, the undersigned has reviewed Plaintiff's brief and finds nothing about it that would justify such excessive and duplicative time. The four issues raised do not appear unusually novel or complex, and at least some of the issues were likely previously raised by Plaintiff's attorneys in other cases.[4] (*See* Doc. 17 at 1–2.)

For these reasons, the undersigned recommends that the $10,027.86 requested attorney fee is excessive and that an across-the-board cut is appropriate. *See Lucas-Williamson v. Comm'r of Soc. Sec.*, No. 8:18-cv-2641-EAK-AAS, 2019 WL 6792458 (M.D. Fla. Nov. 6, 2019), *report and recommendation adopted*, 2019 WL 6770084 (M.D. Fla. Dec. 12, 2019) (reducing this same counsel's requested EAJA attorney fees by 25% due to an excessive number of hours); *Garverick v. Comm'r of Soc. Sec.,* No. 2:15-cv-385-CM, 2017 WL 1838483, at *4 (M.D. Fla. May 8, 2017) (reducing award requested for EAJA attorney's fees by 35%); *Espino v. Comm'r of Soc. Sec.*, No. 6:14-cv-1185-ORL-TBS, 2015 WL 6705453, at *2 (M.D. Fla. Nov. 2, 2015) (reducing requested EAJA attorney's fee award by 35%). Defendant argues the fees should be reduced by at least 35%. (Doc. 27 at 10–11.) However, a 25% reduction would reduce the number of hours from almost 43 to approximately 32. This is a significant reduction and results in a reasonable number of hours for this appeal. Thus, the undersigned

---

[4] For example, the undersigned is aware that the issue raised by Plaintiff regarding the constitutional authority of the ALJ and the Appeals Council to decide the case has frequently been raised by social security plaintiffs. (Doc. 17 at 2.)

recommends that the requested fee of $10,027.86 be reduced by 25% to $7,520.89.

### C. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating substantially the following:

1. The Motion (**Doc. 26**) is **GRANTED in part and DENIED in part**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $7,520.89 for attorney's fees.

3. The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.[5]

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the

---

[5] Plaintiff assigned his right to attorney's fees under EAJA to his attorney. (Doc. 26-2.)

right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on April 13, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Virginia M. Hernandez Covington
Senior United States District Judge

Counsel of Record